UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAJDEEP SINGH,<br><br>Defendant. | No.  2:09-cr-0125 KJM<br><br><br><br>ORDER |

Defendant Rajdeep Singh has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 288, and a request for expeditious ruling on the motion, ECF No. 289.[1] Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses.  The Amendment applies retroactively to defendants sentenced prior to its effective date.  *See, e.g., Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

On January 5, 2010, defendant pleaded guilty to charges of conspiracy to distribute and possession with intent to distribute MDMA in violation of 21 U.S.C. §§ 841(a)(1) and 846, ECF Nos. 83, 230.  On March 16, 2011, he was sentenced to concurrent terms of 146 months and 56 months in federal prison, for a total of 146 months.  ECF No. 230.

---

[1] Defendant's motion was referred to the Office of the Federal Defender for the Eastern District of California. The Federal Defender has not sought appointment of counsel in this matter.

1

Section 1B1.10 of the United States Sentencing Guidelines Manual provides in relevant part:

> (a) Authority.—
>
> > (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> >
> > (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
> >
> > > (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
> > >
> > > (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.
>
> (b) Determination of Reduction in Term of Imprisonment.—
>
> > (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
> >
> > (2) Limitation and Prohibition on Extent of Reduction.—
> >
> > > (A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

>> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
>
>> (C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S. Sentencing Guidelines Manual § 1B1.10(a)-(b) (2014).

Here, defendant's commitment offense involved responsibility for possessing and distributing an amount of MDMA and cocaine equivalent to 268,577 kilograms of marijuana. PSR ¶¶ 18, 26.[2] At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 38 for that quantity of drugs. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2010 Supp.). Even after Amendment 782, the base offense level for that quantity of drugs remains at 38. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2014). Amendment 782 did not lower the base offense level for the quantity of drugs involved in defendant's commitment offense. Accordingly, his motion will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to file **under seal** the August 2, 2010 Presentence Investigation Report for defendant;

2. Defendant Rajdeep Singh's November 17, 2014 motion to reduce sentence (ECF No. 288) is denied; and

/////

/////

/////

---

[2] The court has received a copy of the August 2, 2010 Presentence Investigation Report (PSR) prepared for defendant's sentencing. By this order, the court directs that the PSR be filed under seal.

3.  Defendant Rajdeep Singh's January 30, 2015 request for expeditious ruling (ECF No. 289) is granted.

DATED:  March 10, 2015.

_____
UNITED STATES DISTRICT JUDGE