UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:09-CR-00125-KJM |
| Plaintiff, | |
| v. | ORDER |
| RAJDEEP SINGH, | |
| Defendant. | |

In 2011, Rajdeep Singh was sentenced to 146 months' incarceration after pleading guilty to drug related charges.[1] On November 17, 2014, he filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which the court denied on March 11, 2015. ECF Nos. 288, 290. On July 13, 2015, the court received a letter from Singh regarding the conditions of his confinement at Reeves County Detention Center in Pecos, Texas. ECF No. 294. He details various "horrific" conditions, asserts he is subjected to "cruel and unusual punishment" and asks the court to "help [him] by investigating this prison for human and constitutional rights violations . . . . " *Id.* He asserts constitutional violations related to access to prison facilities and programs,

---

[1] Singh pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute MDMA, 21 U.S.C. §§ 841(a)(1), 846 and two counts of possession with intent to distribute MDMA, 21 U.S.C 841(a)(1). Judgment & Commitment, ECF No. 230 at 1. He was sentenced to 146 months on count one and 52 months on count two, to be served concurrently for a total term of 146 months. *Id.* at 2.

1   religious and racial discrimination, favoritism, and issues with the facility's administrative
2   process.  Because Singh challenges the conditions of his confinement and does not raise claims
3   seeking immediate or speedier release, his letter is best construed as a civil rights complaint under
4   42 U.S.C. § 1983.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of
5   confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather
6   than a habeas corpus petition); *see also Wilkinson v. Dotson*, 544 U.S. 74, 74 (2005) ("Section
7   1983 remains available for procedural challenges where success would not necessarily spell
8   immediate or speedier release for the prisoner . . . .).  In the federal context, *Bivens v. Six*
9   *Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides
10  petitioners with a remedy for civil rights violations by federal actors.

11           Because Singh is located in the Western District of Texas and his claims arise
12  from actions in that district, this district is not the proper venue for his claims.  *See* 28 U.S.C.
13  § 1391(b); *see also Kelso v. Dir. of California Dep't of Corr.*, No. 09CV2569-DMS (CAB), 2009
14  WL 4039789, at *2 (S.D. Cal. Nov. 19, 2009) (dismissing a challenge to conditions of
15  confinement where prisoner is housed in different district); *Hill v. Miller*, No. 12CV2563-LAB
16  RBB, 2012 WL 5373431, at *1 (S.D. Cal. Oct. 29, 2012) (same).

17           Because the court lacks jurisdiction, it DISMISSES Singh's complaint to the
18  extent it is intended to initiate a *Bivens* action.  This dismissal is without prejudice to Singh filing
19  his complaint regarding the conditions of his confinement in a district with proper jurisdiction.

20           IT IS SO ORDERED.

21  DATED: August 10, 2015.

_____
UNITED STATES DISTRICT JUDGE