UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>RAJDEEP SINGH,<br><br>        Defendant. | No. 2:09-cr-00125-02 WBS<br><br><br>ORDER |

----oo0oo----

Defendant Rajdeep Singh has filed an Emergency Motion for Compassionate Release filed April 15, 2020.  (Docket No. 302.)  Defendant argues that he should be released due to his medical condition, including heart disease, diabetes, and his age, which puts him at higher risk due to the current coronavirus pandemic.  Defendant also states that he has served approximately 112 months of his 146-month sentence and that he has been rehabilitated during his incarceration.

Although defendant does not cite to any particular statute, regulation, or case for his requested relief, it appears

1

that he is requesting compassionate release under 18 U.S.C. § 3582(c).  A defendant may obtain such relief only through a motion by the Director of the Bureau of Prisons or upon the defendant's own motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).

This administrative exhaustion requirement is mandatory.  See, e.g., United States v. Meron, No. 2:18-cr-209 KJM (E.D. Cal. Apr. 14, 2020) (citing United States v. Carver, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020)); United States v. Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020); see also Gallo Cattle Co. v. U.S. Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court.").  Here, there is no indication that defendant has made any request to the Bureau of Prisons for his release or that he has exhausted his administrative remedies with regard to any such request.

IT IS THEREFORE ORDERED that defendant's pending motion be, and the same hereby is, DENIED without prejudice to refiling after defendant has exhausted his administrative remedies with the Bureau of Prisons.

2

Dated: April 17, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE